# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

MARVIN FIELDER and )
DEBORAH WILLIAMS )
                 )
       Plaintiffs, )
                 )
v. )
                 )
CREDIT ACCEPTANCE CORPORATION )
and NORTHEAST AUTO CREDIT, INC. )
                 )
       Defendants. )
                 )

FILED
NOV 25 1996
R. F. CONNOR, CLK
U. S. DISTRICT COURT
WEST DISTRICT
OF MISSOURI

Case No.

**96-1210-CV-W-3**

## NOTICE OF REMOVAL

       Defendant Credit Acceptance Corporation ("CAC"), pursuant to 28 U.S.C. § 1441, hereby notices the removal of the action styled <u>Marvin Fielder and Deborah L. Williams v. Credit Acceptance Corporation and Northeast Auto Credit, Inc.</u>, Case No. CV 96-24285, pending in the Circuit Court of Jackson County, State of Missouri. As grounds for removal, CAC states:

       1.      On October 15, 1996, Marvin Fielder and Deborah L. Williams filed an action against Credit Acceptance Corporation and Northeast Auto Credit, Inc. in the Circuit Court of Jackson County, Missouri.

       2.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of the service of the summons and complaint on Credit Acceptance Corporation.

       3.      A copy of all pleadings served in this matter is attached hereto as Exhibit A, and by reference is incorporated in this Notice.

ORIGINAL

Document #

4. Written notice of the filing of this Notice of Removal is being given to all parties herein, and a copy of the Notice of Removal is being filed with the Clerk of the Circuit Court of Jackson County, State of Missouri, as required by 28 U.S.C. § 1446(d).

5. Pursuant to the representations of Bryan E. Martin, counsel for Defendant Northwest Auto Credit, Inc. ("Northeast"), Northeast consents to this removal.

6. The United States District Court for the Western District of Missouri, Western Division, is the District Court of the United States, and division thereof, within which the state court action is now pending.

## JURISDICTIONAL BASIS FOR REMOVAL

7. The removal of this action is governed by 28 U.S.C. § 1441, which provides for the removal of any civil action commenced in a state court where a United States District Court has original jurisdiction. This suit is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiffs have asserted claims arising under the laws of the United States.

8. Plaintiffs bring claims under the Federal Truth In Lending Action ("TILA"), 15 U.S.C. §§ 1601 et seq. and Federal Reserve Board Regulation Z, 12 C.F.R. § 226 et seq. Plaintiffs' claims pertain to consumer financing for motor vehicle purchases and asserts that CAC violated TILA and Regulation Z. Accordingly, this action comes within the Court's original jurisdiction under 28 U.S.C. § 1331. To the extent Plaintiffs assert state law claims not subject to TILA, removal of such claims is proper under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

KC01 266731.1

2

WHEREFORE, Defendant Credit Acceptance Corporation prays this Court to accept jurisdiction over this action.

Respectfully submitted,

N. Louise Ellingsworth      MO #40045
Mark W. Brennan      MO #39117
**BRYAN CAVE** LLP
3500 Kansas City Place
1200 Main Street
Kansas City, Missouri 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300

ATTORNEYS FOR DEFENDANT
CREDIT ACCEPTANCE CORPORATION

KC01 266731.1            3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was mailed via U.S. Mail, this 26th day of November, 1996, to:

Dale K. Irwin
Slough, Connealy, Irwin
  & Madden
4051 Broadway, Suite 3
Kansas City, MO  64111

Bernard E. Brown
Law Office of Bernard E. Brown
4800 Rainbow, Suite 200
Westwood, KS  66205

Bryan E. Martin, Esq.
Mitchell & Martin, L.C.
204 Prudential Building
2307 S. Outer Road
Blue Springs, MO  64015

Attorney for Defendant
Credit Acceptance Corporation

MARVIN FIELDER _____ ET AL
PLAINTIFF

VS.

NO. CV96-024285
DOCKET E

CREDIT ACCEPTANCE CORPORATION _____ ET AL
DEFENDANT

NOTICE OF DISPUTE RESOLUTION
PLTF'S 1st REQ FOR PRO OF DOCUMENTS,
PLTF'S 1st INTER.

SHERIFF OF COLE COUNTY, MO

SUMMONS

STATE OF MISSOURI  TO DEFENDANT(S):
  001  CREDIT ACCEPTANCE CORPORATION
       SRV RA:CORPORATION
       SERVICE COMPANY
       222 E DUNKLIN ST
       JEFFERSON CITY, MISSOURI  65101

YOU ARE SUMMONED TO APPEAR BEFORE  THE ABOVE-NAMED COURT  AND TO
FILE YOUR PLEADING TO THE PETITION, A COPY OF WHICH IS ATTACHED AND
TO SERVE A COPY OF YOUR PLEADING UPON  DALE K IRWIN _____
ATTORNEY FOR PLAINTIFF(S)

AT : SUITE 3 _____

4051 BROADWAY _____

KANSAS CITY, MISSOURI  64111 _____

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE.   IF YOU FAIL TO DO SO,  JUDGMENT BY  DEFAULT
WILL BE TAKEN AGAINST  YOU  FOR THE RELIEF  DEMANDED IN THE PETITION.



OCT 2 1 1996
_____
DATE

COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _Connie R Uckett_
DEPUTY

CIRCT 2016  1/86

Case 4:96-cv-01210-ODS   Document 1   Filed 11/25/96   Page 5 of 41

# CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

## NOTICE OF DISPUTE RESOLUTION SERVICES

### PURPOSE OF NOTICE

As a party to a lawsuit in this court, you have a right to have a judge or a jury decide your case. However, most lawsuits are settled by the parties before trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of the trial.

Dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often, such services are the most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### YOUR RIGHTS AND OBLIGATIONS IN COURT ARE NOT AFFECTED BY THIS NOTICE.

Participation in any dispute resolution procedure is entirely voluntary. You will not be penalized if you do not use such a procedure. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use a dispute resolution procedure or not. IF YOU HAVE BEEN SERVED WITH A PETITION OR MOTION FOR MODIFICATION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF A DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE A DISPUTE RESOLUTION PROCEDURE.

### DISPUTE RESOLUTION PROCEDURES

There are several procedures designed to help parties settle lawsuits. Most of the procedures involve the services of a third party, often referred to as a "neutral," who is trained in dispute resolution and is not partial to any party. The services of the neutral are not provided by this court. The services are provided by organizations or individuals who may charge a fee for this help. Some of the well-recognized dispute resolution procedures are:

**Mediation** - A procedure in which the parties select a neutral to help in reaching a settlement. The process is private, informal, and is not binding. The mediator has no power to force a settlement. Instead, the mediator tries to help the parties communicate constructively and aid them in overcoming obstacles to settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. The mediator also helps the parties in setting aside hostilities that interfere with settlement.

**Arbitration** - A procedure in which the parties choose a neutral person or persons (typically one person or a panel of three persons) to hear both sides and decide the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. The parties may, however, agree in advance that the decision will be binding. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, select the arbitrator or arbitrators and determine the rules under which the arbitration will be conducted.

MARVIN FIELDER and )
DEBORAH WILLIAMS )
5617 East 17th Street )
Kansas City, Missouri 64127, )
)
    individually and on behalf )
    of classes of similarly )
    situated individuals, )
)
             Plaintiffs, )
)
vs. )
)
CREDIT ACCEPTANCE CORPORATION )
(Serve Registered Agent: )
 Corporation Service Company )
 222 East Dunklin Street )
 Jefferson City, Missouri 65101) )
)
and )
)
NORTHEAST AUTO CREDIT, INC. )
(Serve Registered Agent: )
 Geralmo Cammisano )
 901 Main Street )
 Blue Springs, Missouri 64015), )
)
          Defendants. )

**CV96-24285**

**CIVIL**

Case No.

Civil Docket

96 OCT 15 PM 1:48
FILED CIRCUIT COURT
JACKSON CO. MO-KC

### PETITION FOR DAMAGES FOR FRAUD, VIOLATIONS OF THE MERCHANDISING PRACTICES ACT, VIOLATIONS OF THE TRUTH IN LENDING ACT, FOR INJUNCTIVE RELIEF AND FOR CERTIFICATION AS A CLASS ACTION

    For their cause of action against defendants, both on their own behalf and on behalf of similarly situated individuals, plaintiffs state:

### NATURE OF THE CASE

    1.   This case involves defendants' unlawful scheme to cause thousands of consumers to pay overcharges of nonexistent "official fees" and post-maturity loan interest that consumers had no obli-

gation to pay, all in connection with the purchase, sale, and financing of used cars. This Petition includes:

Count I - an individual claim against defendant Northeast Auto Credit, Inc., (sometimes referred to hereafter as "NACI") under Chapter 407 RSMo, the Merchandising Practices Act, for misrepresenting the selling price and content of the sales documents on the named plaintiffs' vehicle; and an individual claim against defendant Credit Acceptance Corporation (sometimes referred to hereafter as "CAC") under the Federal Trade Commission "holder" rule on this Chapter 407 claim;

Count II - an individual claim against NACI for common law fraud for the same misrepresentations; and an individual claim against CAC under the Federal Trade Commission "holder" rule on this fraud claim;

Count III - a class claim under Chapter 407 against NACI for misrepresenting and charging for substantial fees paid to "public officials" in vehicle sales contracts, when in fact most of those charges were simply retained and not paid to public officials;

Count IV - a class claim under the Truth in Lending Act, 15 U.S.C. 1601, et seq., against NACI related to the "fees paid to public officials" issue; Count V - a class claim under Chapter 407 against CAC for its own direction and ratification of, participation in, and receipt of the benefits from, the misrepresentations of charges paid to "public officials" on vehicles sold by the various CAC dealers (including, but not limited to, NACI);

Count VI - a class claim under the FTC rule against CAC for violation of Chapter 407 by misrepresentations of charges paid to

"public officials" by the various CAC dealers selling the cars (including, but not limited to, NACI);

Count VII - a class claim under the Truth in Lending Act against CAC related to the "fees paid to public officials" issue; and

Count VIII - a class claim under Chapter 407 against CAC for misrepresenting to debtors and courts the amount of post-maturity interest due on loans.

## ALLEGATIONS COMMON TO ALL COUNTS

### Parties and Jurisdiction

2.    Plaintiffs Marvin Fielder and Deborah Williams are adult natural persons who are citizens and residents of Jackson County, Missouri, residing at the address stated in the caption of this Petition.

3.    Defendant NACI is a Missouri corporation engaged in business as a used car dealer at 2522 East 9th Street, Kansas City, Jackson County, Missouri 64124, under motor vehicle dealer license number D7046 issued by the Missouri Motor Vehicle Commission pursuant to §301.560 RSMo 1994, with a registered agent and registered office for service of process at the address stated in the caption of this Petition.

4.    Defendant CAC is a Michigan corporation, which is registered to do business in Missouri, where it is engaged in the business of financing the purchase and sale of used automobiles, and where it maintains a registered agent and registered office for

3

service of process at the address stated in the caption of this Petition.

## Underlying Facts

5.    On or about October 17, 1995, plaintiffs entered into a Retail Installment Contract And Security Agreement (hereafter "contract") with defendant NACI, at defendant's above place of business in Kansas City, Jackson County, Missouri, for the credit sale and purchase, for personal, family or household purposes, of a 1985 Honda Prelude, vehicle identification number JHMAB7222FCO25915, a true and accurate copy of which contract is attached as Exhibit A.

6.    The above contract contains a bold-print clause which reads, in pertinent part:

> **ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The foregoing clause is in the contract as required by the Federal Trade Commission's "abolition of the holder in due course" rule for consumer sales, 16 C.F.R. §433.

7.    Prior to execution of the contract by defendant NACI and plaintiffs, defendant NACI, pursuant to a pre-existing agreement with defendant CAC, submitted plaintiffs' credit application to defendant CAC for approval and defendant CAC approved such credit application and agreed to purchase the contract from defendant NACI upon plaintiffs' execution of same.

4

8.   The form of the contract was furnished by defendant CAC to defendant NACI and defendant CAC controlled or had the right to control the figures inserted by defendant NACI in the blanks for "Filing fees", "Other Charges" "To Public Officials" and "Post-Maturity Interest".

9.   The transaction set forth in paragraphs 5 through 8, above, was and is typical of the transactions of persons similarly situated to plaintiffs who have purchased used cars from dealers in Missouri who routinely assign their installment contracts to defendant CAC.

### COUNT I - PLAINTIFFS' INDIVIDUAL CLAIM AGAINST DEFENDANTS FOR VIOLATION OF MERCHANDISING PRACTICES ACT

For Count I of their cause of action against defendants plaintiffs state:

10.   Paragraphs 2 through 9, above, are incorporated by reference.

11.   Prior to the purchase and sale of the vehicle, defendant, by and through its salesman, Charles Cammisano, who was acting within the course and scope of his employment with defendant NACI, represented to plaintiffs that the time sale price of the vehicle, inclusive of finance charges, would be $5,995, and that the paperwork being presented to the plaintiffs concerning the sale reflected that selling price; because they were hurried through the signing of the paperwork to purchase the vehicle, plaintiffs did not realize that they had in fact been charged in excess of $7,000.00 for the vehicle.

5

12. Upon discovery of the discrepancy between the represented price and the actual price, plaintiffs returned to defendant NACI the next day and demanded that the transaction be made to conform with such representation, but their demand was refused; plaintiffs thereupon left the vehicle and NACI retained the vehicle and CAC ultimately sold it and sued plaintiffs on the installment contract for a deficiency.

13. Defendant NACI's misrepresentation of the time sale price of the vehicle, alleged above, constituted an unlawful merchandising practice made and done in violation of §407.020 RSMo 1994.

14. As a result of defendant NACI's above alleged unlawful merchandising practice, plaintiffs have suffered an ascertainable loss of money or property, including, but not limited to, the increased price for the vehicle; expenses, including, but not limited to, attorney's fees, anguish, mental pain and suffering, humiliation and embarrassment, all flowing from the lawsuit and other action taken against them by CAC; loss of use of the vehicle; the value of the plaintiffs' efforts to resolve the problem with NACI and CAC; and related expenses, annoyance, and inconvenience, all of a value in excess of $30,000.00, all for which plaintiffs are entitled to maintain a private cause of action for damages pursuant to §407.025 RSMo.

15. Defendant NACI's conduct, alleged above, was malicious, willful, wanton, done with intent to injure, without just cause or excuse, and was outrageous, because of defendant's evil motive or

6

reckless disregard for the rights of plaintiffs, thereby calling for an assessment of punitive damages against defendant NACI to punish defendant and to deter defendant and others from engaging in like conduct in the future.

16. Pursuant to the FTC holder rule and pursuant to the language in the contract that is consistent with the rule, plaintiffs are entitled to recover damages from CAC up to the $500.00 amount which plaintiffs paid in on the contract.

WHEREFORE, plaintiffs pray for judgment on Count I against defendant Northeast Auto Credit, Inc., and Credit Acceptance Corporation for fair and reasonable actual and punitive damages, together with plaintiffs' attorney's fees and costs, and for such other and further relief as the Court deems just.

### COUNT II – PLAINTIFFS' INDIVIDUAL CLAIM AGAINST DEFENDANTS FOR COMMON LAW FRAUDULENT MISREPRESENTATION

For Count II of their cause of action against defendants plaintiffs state:

17. Paragraphs 2 through 16, above, are incorporated by reference.

18. The misrepresentations, alleged above, were false and fraudulent and were material to plaintiffs' purchase of the vehicle; defendant NACI either knew that the representations were false or made them without knowing whether they were true or false; defendant intended that plaintiffs would rely upon and act on the representations in purchasing the vehicle; plaintiffs were unaware that the representations were false; they relied upon the representations as being true and had the right to so rely and as

7

the consequent and proximate result thereof plaintiffs suffered injury and damage, as alleged.

WHEREFORE, plaintiffs pray for judgment on Count II against defendant Northeast Auto Credit, Inc., and Credit Acceptance Corporation for fair and reasonable actual and punitive damages, together with plaintiffs' costs, and for such other and further relief as the Court deems just.

### COUNT III - CLASS ACTION AGAINST DEFENDANT NORTHEAST AUTO CREDIT, INC., FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE MERCHANDISING PRACTICES ACT BY MISREPRESENTING AMOUNTS PAID TO PUBLIC OFFICIALS

For Count III of their cause of action against defendant Northeast Auto Credit, Inc., plaintiffs state:

19. Paragraphs 2 through 9, above, are incorporated by reference.

20. Count III is brought pursuant to §407.025 RSMo on behalf of all natural persons who, within the five years immediately preceding the filing of this Petition:

(a) Purchased a motor vehicle from defendant NACI for personal, family or household purposes; and

(b) Received a Missouri title application in connection therewith which listed CAC as the lienholder;

(c) Executed an installment contract to finance the purchase of such motor vehicle, which installment contract contained a charge for "filing fees" allegedly paid to "public officials", which charge was substantially in excess of the $8.50 fee charged by the director of revenue pursuant to §301.620(2) RSMo for per-

8

fection of defendant CAC's purported lien on the title to the vehicle.

21. The class of such persons referred to above is so numerous that joinder of all its members herein is impracticable; there are questions of law and fact common to the class; the claims of plaintiffs are typical of the claims of the class; plaintiffs will fairly and adequately represent the interests of the members of the class; questions of law or fact common to the class predominate over any questions affecting only individual members of the class; and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. Defendant NACI has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23. Neither defendant NACI nor CAC paid or caused to be paid to any public official any amount in excess of the $8.50 lien perfection fee referred to above.

24. In the course of its transactions with plaintiffs and the class, defendant NACI engaged in an unfair and deceptive practice prohibited by §407.020 RSMo, to-wit: falsely representing to plaintiffs and the class that an amount in excess of $8.50 was being charged by public officials for amounts paid "to public officials" for "filing fees", when in truth and fact NACI and CAC were reaping such amount in excess of $8.50 for their own use and benefit.

9

25. By reason of the above unfair and deceptive act and practice, plaintiffs and the class have suffered an ascertainable loss of money or property, including, but not limited to, the amount of the overcharge for "fees paid to public officials" and finance charges on such amount.

26. NACI's violation of §407.020 RSMo, above, entitles plaintiffs and the class to injunctive relief and to recovery of their actual damages, punitive damages and attorney's fees, all as provided for in §407.025 RSMo.

WHEREFORE, plaintiffs pray for judgment on Count III against defendant Northeast Auto Credit, Inc., on their own behalf and on behalf of the class, for issuance of an injunction barring defendant Northeast Auto Credit, Inc., from charging or collecting any charges for fees described as being paid to public officials, which charges are in excess of the fees actually paid to public officials; for fair and reasonable actual and punitive damages; for an award to plaintiffs and the class of their attorney's fees and costs; and for such other and further relief as the Court may deem just.

**COUNT IV – CLASS ACTION AGAINST DEFENDANT NORTHEAST AUTO CREDIT, INC., FOR VIOLATION OF THE TRUTH IN LENDING ACT**

For Count IV of their cause of action against defendant Northeast Auto Credit, Inc., plaintiffs state:

27. Paragraphs 2 through 9 and 19 through 26, above, are incorporated by reference.

28. Count IV is brought pursuant to 15 U.S.C. §1640 on behalf of those persons described in Count III, above, whose

10

transactions were consummated within the one year immediately preceding the filing of this Petition and whose installment contracts were either payable in more than four installments or contained a finance charge.

29. At all relevant times, there was in full force and effect the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., and Federal Reserve Board of Governors Regulation Z, 12 C.F.R. §§226 et seq., promulgated pursuant to 15 U.S.C. §§1602(b) and 1604.

30. Defendant NACI is a "creditor", as that term is defined in 15 U.S.C. §1602(f), and its sales of the motor vehicles to plaintiffs and the class were "credit sale[s]", as such term is defined in 15 U.S.C. §1602(g).

31. In connection with the credit sales of the motor vehicles by NACI to plaintiffs and the class, NACI imposed, directly or indirectly as an incident to the extension of credit, the excess charge referred to in paragraph 24, above, which charge was payable directly or indirectly by plaintiffs and the class and which charge was therefore a "finance charge" as determined and computed under 15 U.S.C. §1605(a).

32. Defendant NACI failed, before the credit was extended, to make a clear and conspicuous written disclosure to plaintiffs and the class of the true "finance charge", as required 15 U.S.C. §§1638(a)(3) and (b)(1) and 12 C.F.R. §§226.17(a)(1) and (b), in that the excess charge alleged in paragraph 24, above, constituted a "finance charge", as alleged in paragraph 31, above, and was required by law to be disclosed as such, but was not.

11

33.  As the result of NACI's violation of the above disclo-
sure requirements, NACI is liable to plaintiffs and the class for
statutory damages of $500,000.00 or 1 percentum of NACI's net
worth, together with their costs and reasonable attorney's fees,
all as provided for in subparagraphs (a)(2)(B) and (3) of 15
U.S.C. §1640.

WHEREFORE, plaintiffs and the class pray for judgment against
defendant Northeast Auto Credit, Inc., on Count IV in the amount
of $500,000.00 or 1 percentum of Northeast Auto Credit, Inc.'s net
worth, together with their costs and reasonable attorney's fees
and for such other and further relief as the Court may deem just.

**COUNT V – CLASS ACTION AGAINST DEFENDANT CREDIT ACCEPTANCE
CORPORATION FOR DAMAGES AND INJUNCTIVE RELIEF FOR DIRECT
PARTICIPATION IN VIOLATION OF MERCHANDISING PRACTICES ACT
BY MISREPRESENTING AMOUNTS PAID TO PUBLIC OFFICIALS**

For Count V of their cause of action against defendant Credit
Acceptance Corporation, plaintiffs state:

34.  Paragraphs 2 through 9, above, are incorporated by ref-
erence.

35.  Count V is brought pursuant to §407.025 RSMo on behalf
of all natural persons who, within the five years immediately
preceding the filing of this Petition:

(a)  Purchased a motor vehicle in Missouri for personal,
family or household purposes; and

(b)  Received a Missouri title application in connection
therewith which listed CAC as the lienholder;

(c)  Executed an installment contract to finance the purchase
of such motor vehicle, the form of which installment contract was

12

supplied to the selling dealer by CAC, which installment contract was contemporaneously assigned by the selling dealer to CAC and which installment contract contained a charge for alleged "filing fees" allegedly paid to "public officials", which charge was in excess of the $8.50 fee CAC caused to be mailed or delivered to the director of revenue pursuant to §301.620(2) RSMo in order to perfect its lien.

36. The class of such persons is so numerous that joinder of all its members herein is impracticable; there are questions of law and fact common to the class; the claims of plaintiffs are typical of the claims of the class; plaintiffs will fairly and adequately represent the interests of the members of the class; questions of law or fact common to the class predominate over any questions affecting only individual members of the class; and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. Defendant CAC has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

38. In the course of their transactions with plaintiffs and the class, CAC and the selling dealers engaged in an unfair and deceptive practice prohibited by §407.020 RSMo, to-wit: falsely representing to plaintiffs and the class that an amount in excess of $8.50 was being charged for amounts paid "to public officials" for "filing fees", when in truth and fact the selling dealer and

13

CAC were reaping such amount in excess of $8.50 for their own use and benefit; CAC participated in, ratified, directed and remained silent as to such false representations of the selling dealers, despite CAC's knowledge of such misconduct.

39. By reason of the above unfair and deceptive act and practice, plaintiffs and the class have suffered an ascertainable loss of money or property, including, but not limited to, the amount of the overcharge for "fees paid to public officials" and finance charges on such amount.

40. Defendant CAC's violation of §407.020 RSMo alleged above, entitles plaintiffs and the class to injunctive relief and to recovery of their actual damages, punitive damages and attorney's fees, all as provided for in §407.025 RSMo.

WHEREFORE, plaintiffs pray for judgment on Count V against defendant Credit Acceptance Corporation, on their own behalf and on behalf of the class, for issuance of an injunction barring defendant Credit Acceptance Corporation from charging or collecting any charges for fees described as being paid to public officials, which charges are in excess of the fees actually paid to public officials; for fair and reasonable actual and punitive damages; for an award to plaintiffs and the class of their attorney's fees and costs; and for such other and further relief as the Court may deem just.

**COUNT VI – CLASS ACTION AGAINST DEFENDANT CREDIT ACCEP-
TANCE CORPORATION UNDER FTC HOLDER RULE FOR DAMAGES FOR
DEALERS' VIOLATION OF MERCHANDISING PRACTICES ACT BY
MISREPRESENTING AMOUNTS PAID TO PUBLIC OFFICIALS**

14

For Count VI of their cause of action against defendant Credit Acceptance Corporation, plaintiffs state:

41. Paragraphs 2 through 9 and 34 through 37, above, are incorporated by reference.

42. In the course of their transactions with plaintiffs and the class, the selling dealers engaged in an unfair and deceptive practice prohibited by §407.020 RSMo, to-wit: falsely representing to plaintiffs and the class that an amount in excess of $8.50 was being charged for amounts paid "to public officials" for "filing fees", when in truth and fact the selling dealers and CAC were reaping such amount in excess of $8.50 for their own use and benefit.

43. By reason of the above unfair and deceptive act and practice, plaintiffs and the class have suffered an ascertainable loss of money or property, including, but not limited to, the amount of the overcharge for "fees paid to public officials" and finance charges on such amount.

44. The selling dealers' violation of §407.020 RSMo alleged above, entitles plaintiffs and the class to injunctive relief and to recovery of their actual damages, punitive damages and attorney's fees, all as provided for in §407.025 RSMo.

45. Pursuant to the FTC holder rule and the language in the contract, CAC is subject to lability for the selling dealers' Chapter 407 violations as described above.

WHEREFORE, plaintiffs pray for judgment on Count VI against defendant Credit Acceptance Corporation, on their own behalf and

15

on behalf of the class, for issuance of an injunction barring defendant Credit Acceptance Corporation from charging or collecting any charges for fees described as being paid to public officials, which charges are in excess of the fees actually paid to public officials; for fair and reasonable actual and punitive damages; for an award to plaintiffs and the class of their attorney's fees and costs; and for such other and further relief as the Court may deem just.

### COUNT VII - CLASS ACTION AGAINST DEFENDANT CREDIT ACCEPTANCE CORPORATION FOR ASSIGNEE LIABILITY FOR VIOLATIONS OF THE TRUTH IN LENDING ACT

For Count VII of their cause of action against defendant Credit Acceptance Corporation, plaintiffs state:

46. Paragraphs 2 through 9 and 34 through 36, above, are incorporated by reference.

47. Count VII is brought pursuant to 15 U.S.C. §§1640 and 1641 on behalf of those persons described in Count V, above, whose transactions were consummated within the one year immediately preceding the filing of this Petition.

48. The disclosure violations set forth in Count IV, above, were common to all such contracts assigned to defendant CAC by selling dealers in the State of Missouri and such violations were apparent on the face of the disclosure statements.

49. As the result of the selling dealers' violations of the above disclosure requirements, which violations were apparent on the face of the disclosure statements, defendant CAC is liable to plaintiffs and the class for statutory damages of $500,000.00 or 1

16

percentum of CAC's net worth, together with their costs and reasonable attorney's fees, all as provided for in subparagraphs (a)(2)(B) and (3) of 15 U.S.C. §1640 and §1641.

WHEREFORE, plaintiffs and the class pray for judgment against defendant Credit Acceptance Corporation on Count VII in the amount of $500,000.00 or 1 percentum of Credit Acceptances Corporation's net worth, together with their costs and reasonable attorney's fees and for such other and further relief as the Court may deem just.

### COUNT VIII – CLASS ACTION AGAINST DEFENDANT CREDIT ACCEPTANCE CORPORATION FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE MERCHANDISING PRACTICES ACT BY MISREPRESENTING AMOUNT OF POST-MATURITY INTEREST DUE UPON ACCELERATION OF CONTRACT

For Count VIII of their cause of action against defendant Credit Acceptance Corporation, plaintiffs state:

50. Paragraphs 2 through 9, above, are incorporated by reference.

51. Count VIII of this Counterclaim is brought pursuant to §407.025 RSMo on behalf of all natural persons who, within the five years immediately preceding the filing of this Petition:

(a) Purchased a motor vehicle in Missouri for personal, family or household purposes;

(b) Executed an installment contract to finance the purchase of such motor vehicle, which installment contract contained the following clause:

> Post-Maturity Interest: You agree to pay interest at the rate of 9.00 % per year on any amount owing on this contract which is not paid at maturity, including maturity by acceleration.

and

(c)   Were sued by defendant CAC on such installment contract under a Petition claiming post-maturity interest in excess of that provided for in the installment contract.

52.   The class of such persons is so numerous that joinder of all its members herein is impracticable; there are questions of law and fact common to the class; the claims of plaintiffs are typical of the claims of the class; plaintiffs will fairly and adequately represent the interests of the members of the class; questions of law or fact common to the class predominate over any questions affecting only individual members of the class; and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

53.   Defendant CAC has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

54.   On June 21, 1996, defendant CAC filed suit against plaintiffs in the Circuit Court of Jackson Count, Associate Circuit Division at Kansas City, in the case of Credit Acceptance Corporation vs. Marvin Fielder, et al., No. CV96-014729; wherein CAC represented to the Court, both in the body of its Petition and in the sworn affidavit of CAC employee and accounts receivable clerk Patricia A. Rivers attached to the Petition, falsely claimed that interest at the rate of 22.00% was due on the accelerated balance of the contract, when in truth and fact the contract pro-

18

vides for post-maturity interest at the rate of 9.00%, including maturity by acceleration.

55. Defendant CAC has, on information and belief, filed hundreds, and possibly thousands, of lawsuits in the State of Missouri over the past five years against the members of the class herein in which defendant CAC has made substantially similar false claims with respect to the amount of post-maturity interest it is entitled to recover from debtors.

56. By misrepresenting to the courts and debtors the amount of post-maturity interest due from debtors is in the course of its lawsuits against plaintiffs and the class, CAC has engaged in an unfair and deceptive practice prohibited by §407.020 RSMo.

57. By reason of the above unfair and deceptive act and practice, plaintiffs and the class have suffered an ascertainable loss of money or property, including, but not limited to, excess post-maturity interest charges.

58. Defendant CAC's violation of §407.020 RSMo, alleged above, entitles plaintiffs and the class to injunctive relief and to recovery of their actual damages, punitive damages and attorney's fees, all as provided for in §407.025 RSMo.

WHEREFORE, plaintiffs pray for judgment on Count VIII against defendant Credit Acceptance Corporation, on their own behalf and on behalf of the class, for issuance of an injunction barring defendant Credit Acceptance Corporation from claiming post-maturity interest in excess of that provided for in the installment contract; for fair and reasonable actual and punitive damages; for

19

an award to plaintiffs and the class of their attorney's fees and costs; and for such other and further relief as the Court may deem just.

LAW OFFICES OF BERNARD E. BROWN

By _____
     BERNARD E. BROWN
     4800 Rainbow, Suite 200
     Westwood, Kansas 66205
     (913) 722-4777
     (913) 722-6777 (telecopier)

and

SLOUGH, CONNEALY, IRWIN & MADDEN

By _____
     DALE K. IRWIN      #24928
     4051 Broadway, Suite 3
     Kansas City, Missouri 64111
     (816)531-2224
     (816)531-2147 (telecopier)

ATTORNEYS FOR PLAINTIFF

20

| | | |
|---|---|---|
| RETAIL IN... AND SI- | ENT CONTRACT AGREEMENT | Buyer MARVIN FIELDER &/OR WILLIAMS DEBORAH | Seller FAST AUTO CREDIT |
| 2261 | | Address 5617 ELYTH | Address P. O |
| Date 10/17/95 | | KANSAS CITY, MO 64127 | Kansas City, MO 64124 |

"You" and "your" means each Buyer above and guarantor, jointly and severally.

"We" and "us" means the Seller above, its successors and assigns.

SALE: You agree to purchase the property described below according to the following terms, including those on the reverse side.

You agree to pay us the total of payments of **SIX THOUSAND FOUR HUNDRED FOUR (16/104)**

Dollars of $ **6,484.16** (as specified below)

(a) In **24** installments of $ **266.84** each, beginning **11/17** , 19 **95** , and continuing on the same day of each month thereafter, until **10/17** , 19 **97** , when a final payment of $ **266.84** will be due.

(b) ☐ (other) _____

**Prepayment:** You may prepay this contract in whole or in part at any time. However, any partial prepayment will not reduce or excuse any later payments until this note is paid in full. If and when prepaid in full, or upon maturity by acceleration, the interest portion of the finance charge will be recomputed using the rule of 78's (as provided in Section 365.140 RSMo) to determine the exact amount then due. No refund or credit of less than $1.00 will be made.

☐ If checked, you agree to pay a minimum finance charge of $ _____. ☑ If checked, an acquisition fee of $ **15.00** will be deducted from the refund before payment of credit to you. No part of this fee will be refunded.

☑ If checked, you agree to pay a late charge on each payment made more than **18** days after it is due, of 5% of the payment, but not less than $1.00 or greater than $ _____.

**Post-Maturity Interest:** You agree to pay interest at the rate of ____ % per year on any amount owing on this contract which is not paid at maturity, including maturity by acceleration.

**SECURITY:** You give us a purchase money security interest in the property described below, including all accessions, attachments, accessories, equipment and all proceeds from the property. WARRANTY INFORMATION IS SUPPLIED TO YOU SEPARATELY.

| MAKE | YEAR | MODEL | BODY TYPE | LICENSE NO./YEAR | IDENTIFICATION NO. |
|---|---|---|---|---|---|
| HONDA | 1985 | PRELUDE | 2 DR | | JHMAB7222FC025915 |

Other Description:

CREDIT ACCEPTANCE CORPORATION, The Silver Triangle Building
25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339, Toll Free (800) 634-1506

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 695.00 |
|---|---|---|---|---|
| 22.80 % | $ 1,260.66 | $ 5,143.50 | $ 6,484.16 | $ 7,899.16 |

| | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|
| Your Payment Schedule will be: | 24 | $ 266.84 | MONTHLY Beginning 11/17/95 |
| | | $ | |
| | | $ | |

**Security:** You are giving a security interest in the goods or property being purchased.

☒ **Required Deposit:** The annual percentage rate does not take into account my required deposit.

☒ **Late Charge:** You will be charged a late charge on any payment made more than **18** days after it is due, of 5% of the payment, but not less than $1.00 or greater than $ **XX** .

**Prepayment:** If you pay off this contract early, you ☐ may ☒ will not be entitled to a refund of part of the Finance Charge.

You can see your contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties. Filing fees $ **43.50** "e" means an estimate.

**CREDIT INSURANCE**

Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional costs.

| Type | Premium | Term |
|---|---|---|
| Credit Life | 0.00 | NONE |
| Credit Disability | 0.00 | NONE |
| Joint Credit Life | 0.00 | NONE |

You ☐ do ☒ do not want credit life insurance.

You ☐ do ☒ do not want credit disability insurance.

You ☐ do ☐ do not want joint credit life insurance.

XX

**PROPERTY INSURANCE**

You understand that you are free to insure your property with whatever licensed company, agent, or broker you may choose; that you may do so at any time after the date of this loan; that you have not cancelled any existing insurance on your property if you owned it before this loan; and that this loan cannot be denied you simply because you did not purchase your insurance through us. YOU MAY NOT NEED TO PURCHASE CREDIT PROPERTY INSURANCE, AND YOU MAY HAVE OTHER INSURANCE WHICH WE WILL ACCEPT WHICH COVERS THE PROPERTY SECURING THIS LOAN. YOU SHOULD EXAMINE ANY OTHER INSURANCE WHICH YOU HAVE IN ORDER TO DETERMINE IF THIS COVERAGE IS NECESSARY. If you get the insurance from or through us you will pay $ **N/A** for _____ **N/A** of coverage.

The property insurance premium is calculated as follows:

☐ Fire-Theft and Combined Add'l. Coverage $ **N/A**
$ **N/A** Deductible Comprehensive Cov. $ **N/A**
$ **N/A** Deductible Collision Coverage $ **N/A**
☐ **N/A**

The above insurance does not include liability insurance coverage for bodily injury and property damage unless such insurance is specifically described above.

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| 1. Cash Price (excluding Sales Tax) | $ | 5,795.00 |
| 2. Down Payment Computation | | |
| Description of Trade-in | | |
| (a) Gross Trade-in Allowance | $ | 0.00 |
| (b) Pay-Off (if any) | $ | 0.00 |
| (c) Net Trade-in (a minus b) | $ | 0.00 |
| (d) Cash Down Payment | $ | 695.00 |
| (e) Total Down Payment (c plus d) | $ | 695.00 |
| 3. Unpaid Balance of Cash Price (1 minus 2(e)) | $ | 5,100.00 |
| 4. Other Charges: | | |
| (a) To Insurance Companies | $ | 0.00 |
| (b) To Public Officials | $ | 43.50 |
| (c) | $ | |
| (d) | $ | |
| 5. Prepaid Finance Charges | | NONE |
| 6. Amount Financed (3 plus 4(a) through 4(e)) | $ | 5,143.50 |

**NOTICE TO THE BUYER:** (1) Do not sign this contract before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the contract you sign. (3) Under the law you have the right to pay off in advance the full amount due and under certain circumstances to obtain a partial refund of the finance charge.

**BUYER ACKNOWLEDGES RECEIPT OF A COPY OF THIS RETAIL INSTALLMENT CONTRACT**

1. Signed _____ Buyer

2. Signed _Deborah Williams_ Buyer

YOU ALSO AGREE TO THE TERMS ON THE REVERSE SIDE OF THIS CONTRACT.

Signed _____ For Seller
Title _____

**ASSIGNMENT**

Seller assigns this contract on **10/17** , 19 **95** , to CREDIT ACCEPTANCE CORPORATION, 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 in accordance with the Seller's Assignment appearing on the reverse side. Assignment is 1. ☐ Without Recourse 2. ☐ With Recourse 3. ☐ Subject to a Separate Agreement.

Seller _NE NUTS_ (Seller)

By _____ Title _10-17-95_

© 1993 Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form RS-PLMV-MO 6/10/94 CUSTOMIZED

MOTOR VEHICLE

**GENERAL TERMS** - As used in this document, "contract" includes the terms of this security agreement. You have been given an opportunity to purchase the property (and/or services) described on the front side of this contract for the cash price or the total sale price, which is the total price of the property if you buy it over time. The total sale price disclosed in the outlined box on the front side is based on the terms in effect today and the assumption that all payments will be made as scheduled. You agree to buy this property from us at the actual total sale price according to the terms of this contract.

You agree this contract will be governed by the law of the State of Missouri, including the Uniform Commercial Code. You agree that we have not made any oral warranties or promises regarding the secured property. This contract takes effect when signed by you.

Any term of this contract which does not comply with applicable law will not be effective if that law does not expressly or impliedly permit variations by agreement. If any part of this contract or security agreement cannot be enforced according to its terms, this fact will not affect the balance of the contract and security agreement.

**PAYMENTS** - This is a precomputed contract, which means the sum you have agreed to pay already includes the finance charges payable hereafter to the maturity date.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - By giving us this security interest, you represent and agree:

(a) you will defend this property against any claim made by anyone else, and will do whatever is necessary to preserve our status in the property;

(b) the security interest you are giving us in this property has first priority over the claim of any other of my general or secured creditors. You have signed or immediately will sign any additional documents or provide us with any additional information we may require to perfect and preserve our first priority in this property. You will not hereafter do anything to defeat our position;

(c) you will keep the property in your possession in good condition and repair, and use it only for the lawful purposes for which it was intended. Unless otherwise agreed in writing, the property will be located at your address listed on the front side of this form;

(d) you will not attempt to sell the property (unless it is inventory and identified as such) or otherwise transfer any rights in this property to anyone else. You will not permit the property to become attached to any real estate without first providing us an opportunity to preserve our first priority status;

(e) you will pay all taxes and assessments on the property as they become due;

(f) you will provide us reasonable access to the property for the purpose of inspection, and notify us of any loss or damage; and

(g) you agree that the certificate of title to this property, if any, shall be endorsed to show the security interest we have in this property.

**DEFAULT** - You will be in default on this contract if any one or more of the following occur:

(a) you fail to make a payment on this contract in full when due;

(b) the prospect of payment, performance or realization on collateral is significantly impaired.

**REMEDIES** - If you are in default only because of your failure to make a payment, we must send you written notice of your default and right to cure if we intend to accelerate the due date of the contract, or take possession of or enforce any security interest. We may exercise these remedies only if you fail to cure the default within the time allowed by law after the notice is sent.

However, no notice of default and right to cure is necessary, and we may immediately exercise any and all of our remedies, if you have previously defaulted two or more times. In this event, you waive demand, presentment, protest, notice of dishonor and notice of protest.

If you are in default on this contract, we have all of the remedies provided by law and this contract. We may, (after giving notice and waiving a period of time, if required by law):

(a) accelerate the due date of the contract, making all unpaid principal, accrued finance charges, and all other agreed charges immediately due;

(b) pay taxes, assessments, or other liens or make repairs to the property if you have not done so. We are not required to do so, however, if we do, the amount we pay will be a secured obligation under this agreement, will be immediately due, and will accrue interest until paid in full at the interest rate shown in the provision labeled "Post-Maturity Interest" on the front side of this form;

(c) require you to assemble the property and make it available to us at a place we designate which is reasonably convenient to you and us;

(d) immediately repossess property by legal process or self-help, without the use of force. We may then sell the property and apply the proceeds as provided by law to our expenses and then toward your secured obligations. Expenses include our cost of repossession, attorneys' fees (where permitted), repairs (if necessary) and costs of sale; and

(e) be entitled to a deficiency judgment against you if the proceeds of the sale do not pay all of the expenses and secured obligations (except where prohibited by law).

By choosing any one or more of these remedies, we do not waive our right to later use any other remedy. We do not waive a default if we choose not to use any remedy and, by electing not to use any remedy, we do not waive our right to later consider the event a default and to immediately use any remedies if it continues or occurs again.

You agree that if any notice is required to be provided to you of the intended sale or disposition of the property, this notice will be considered reasonable if provided by mail addressed to you at the address listed on the front side of this form, and mailed to you at least 10 days before the date of the intended disposition (or such other period of time as is required by law).

**COSTS OF COLLECTION AND ATTORNEYS' FEES** - You agree to pay us all reasonable costs we incur to collect this debt or realize on any security. This includes attorneys' fees not exceeding 15% of the amount due and payable under the contract, if referred to an attorney not a salaried employee of ours. This provision shall also apply if you file a petition or any other claim or relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against you by another.

**OBLIGATIONS INDEPENDENT** - Each buyer, co-signer, or guarantor who signs this contract agrees jointly and severally to pay according to its terms. This means that:

(a) you must pay this contract even if someone else has signed it;

(b) we may release any co-signer or guarantor and you will still be obligated to pay the contract;

(c) we may release any security and you will still be obligated to pay the contract;

(d) whoever by us of any of our rights will not affect your duty to pay this contract; and

(e) extending new credit or renewing this contract will not affect your duty to pay this contract.

**ORAL AGREEMENTS** - Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

---

**INSURANCE** - You agree to purchase insurance on the property against such risks and in such amounts as we may reasonably require. In addition, you agree as follows:

(a) you will arrange for us to be named as loss payee on any such policy so that any benefits arising from the insured risks will first be paid to us for protection toward the secured obligations;

(b) you agree that we may, in the event of a loss, require additional security or assurances of payment of the secured obligations as a condition of permitting any insurance benefits to be used for repair or replacement of the property;

(c) you agree to purchase insurance from a company which is authorized to do business in the State of Missouri and which is reasonably acceptable to us;

(d) you will maintain this insurance until all secured obligations are paid in full; and

(e) if you fail to obtain or maintain this insurance, or you fail to arrange for us to be named as loss payee, we may (but in no event are required to) purchase such insurance which will secure only our interest in the property. The cost of such insurance will be a secured obligation under this agreement, will be immediately due, and will accrue interest until paid in full at the interest rate shown in the provision labeled "Post-Maturity Interest" on the front side of this form.

**FTC NOTICES**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

**THIRD PARTY AGREEMENT**

By signing within this enclosure, you agree to give us a security interest in and lien on the property that is described on the front side. You agree to be bound by the terms of this contract and security agreement but, regardless of any provision to the contrary contained herein, not to be liable for any payment it requires. You agree that we may, without releasing you or the property from this Third Party Agreement and without notice or demand upon you, renew, extend or change any term of this contract and security agreement, or take or release other security (including guaranties) for the obligations of any Buyer.

You waive (to the extent permitted by law):

(a) all notices and demands;

(b) any right to require that we foreclose on any particular security, sue any Buyer or any other person or pursue any other remedy we may have;

(c) any defense or claim against us arising out of the disability or non-liability of any Buyer for any reason other than full payment;

(d) all statutes of limitation to the extent permitted by law; and

(e) any defense or claim against us arising out of our election to foreclose on the Collateral, by judicial or nonjudicial sale, or our election to exercise any other right or remedy we may have, even though that election extinguishes your right to reimbursement from the Buyer.

You acknowledge receipt of a completed copy of this contract and security agreement.

Date: _____, 19____

X _____

Name _____

---

**ASSIGNMENT BY SELLER**

Seller sells and assigns to assignee (whose name is printed on the face of this contract) its successors and assigns, all its rights, title and interest in this retail installment contract, and any guarantee executed in connection with this contract. Seller gives assignee full power, either in its own name or in seller's name, to take all legal or other actions which Seller could have taken under this contract.

Seller warrants:

(a) this contract represents a sale by seller to buyer on a time price basis and not on a cash basis;

(b) that all of the terms of this contract are set forth in this contract;

(c) the statements contained in this contract are true and correct;

(d) the down payment was made by the buyer in the manner stated on the face of this contract and no part of the down payment was loaned or paid to the buyer by seller or seller's representatives;

(e) the sale was completed in accordance with all laws and regulations affecting this sale, including, but not limited to, the Federal Truth-in-Lending Act, the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, Federal Equal Credit Opportunity Act, the Federal Trade Commission Act, and any regulations pertaining to these laws;

(f) that all disclosures made in this contract under federal and state laws have been properly made under those laws;

(g) the buyer was not a minor and had the capacity to enter into this contract;

(h) this contract is valid and enforceable in accordance with its terms;

(i) the names and signatures on this contract are not forged, fictitious or assumed, and are true and correct;

(j) this contract is not subject to any claims or defenses on the part of the buyer;

(k) a completely filled-in copy of this contract was delivered to the buyer at the time of execution; and

(l) the property has been delivered to the buyer in good condition and has been accepted by the buyer.

If any of these warranties is breached or untrue, upon assignee's demand, purchase this contract from assignee. The purchase shall be in cash in the amount of the unpaid balance (including interest) plus the cost and expenses of assignee, including attorneys' fees.

Seller will indemnify assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against assignee as a result of a claim or defense buyer has against seller.

Seller waives notice of the acceptance of this assignment, notice of non-payment or non-performance and notice of any other remedies available to assignee.

Assignee may, without notice to seller, and without affecting the liability of seller under this assignment, compound or release any rights against, and grant extensions of time for payment to the buyer, or any other person obligated under this contract.

1. **WITHOUT RECOURSE** - This assignment shall be without recourse, except as stated above.

2. **WITH RECOURSE** - In addition to those items stated above, seller agrees that if buyer defaults in full payment, when due, of any amounts payable under this contract, or at the prompt performance of any obligation to be performed by buyer under this assignment, seller will, upon demand, repurchase this contract from assignee in cash in the amount of the unpaid balance (including interest) due at that time.

3. **SEPARATE AGREEMENT** - This assignment is subject to a separate agreement with the assignee.

Bankers Systems, Inc. St. Cloud, MN (1-800-397-2341) Form RS-PI-MV-MO 9/14/92

CV96-24285

MARVIN FIELDER, et al.,               )
                                      )
                    Plaintiffs,       )
                                      )        Case No.
vs.                                   )
                                      )        Civil Docket
CREDIT ACCEPTANCE CORPORATION,        )
   et al.,                            )
                                      )
                    Defendants.       )

## PLAINTIFFS' FIRST REQUEST TO DEFENDANT CREDIT ACCEPTANCE CORPORATION FOR PRODUCTION OF DOCUMENTS

Plaintiffs request defendant Credit Acceptance Corporation to produce the following for inspection and copying at plaintiffs' attorney's office within the time provided by law:

### REQUEST NO. 1

Any and all retail installment contracts identified in connection with defendant's answer to interrogatory number 1 of Plaintiffs' First Interrogatories to Defendant Credit Acceptance Corporation.

RESPONSE:

**REQUEST NO. 2**

Any and all documents identified in defendant's answers to interrogatory numbers 4 and 5 of Plaintiffs' First Interrogatories to Defendant Credit Acceptance Corporation.

**RESPONSE:**

LAW OFFICES OF BERNARD E. BROWN

By _____
BERNARD E. BROWN
4800 Rainbow, Suite 200
Westwood, Kansas 66205
(913) 722-4777
(913) 722-6777 (telecopier)

and

**SLOUGH, CONNEALY, IRWIN & MADDEN**

By _____
DALE K. IRWIN    #24928
4051 Broadway, Suite 3
Kansas City, Missouri 64111
(816)531-2224
(816)531-2147 (telecopier)

**ATTORNEYS FOR PLAINTIFF**

2

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

MARVIN FIELDER, et al.,           )    CV96-24285
                                  )
                  Plaintiffs,     )
                                  )    Case No.
vs.                               )
                                  )    Civil Docket
CREDIT ACCEPTANCE CORPORATION,    )
   et al.,                        )
                                  )
                  Defendants.     )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT CREDIT ACCEPTANCE CORPORATION

Plaintiffs propound the following interrogatories to defendant Credit Acceptance Corporation to be answered in writing and under oath within the time provided by law:

1. State the full name, last known address, last known residence telephone number, last known work telephone number and social security number of any and all individuals, who, within the five years next preceding the filing of the Petition herein, were identified as buyers on any retail installment contract for the purchase of a motor vehicle to be titled in Missouri, which contract:

(a) Was assigned to Credit Acceptance Corporation by the selling dealer; and

(b) Listed a charge for "filing fees" and/or "other charges" "to public officials", which charge was in excess of $8.50.

ANSWER:

2. State the full name, last known address, last known residence telephone number, last known work telephone number and social security number, court and case number for any and all individuals, who, within the five years next preceding the filing of the Petition herein, were sued by Credit Acceptance Corporation in Missouri, in which suit Credit Acceptance Corporation claimed post-maturity interest at a rate greater than that specified for same in the contract.

**ANSWER:**

2

3.    For each individual identified in response to interrogatory 1, please state the total amount paid by the purchaser under the retail installment sale contract, including, but not limited to, any amounts paid by way of down payment, trade-in, regular installment payments, late charges or otherwise.

**ANSWER:**

4.    Please identify any and all form agreements defendant Credit Acceptance Corporation has utilized, within the five years next preceding the filing of the Petition herein, to set forth the terms by and under which defendant Credit Acceptance Corporation purchases vehicle installment sale contracts from Missouri dealers.

**ANSWER:**

3

5. Please identify any and all documents, computer data, agreements, memoranda, policy and/or procedure manual(s), correspondence or records of communications between defendant Credit Acceptance Corporation and any Missouri dealer from whom defendant has purchased vehicle retail installment sale contracts within the five years next preceding the filing of the Petition herein, which documents contain any reference to the amount of the fees charged for "filing fees" and/or "other charges" "to public officials" or to the filing of the lien perfection copies of the Missouri title applications.

**ANSWER:**

4

6.   Please state the name, business and residence address and telephone number of the individual answering these interrogatories on Credit Accepance Corporation's behalf.

**ANSWER:**

LAW OFFICES OF BERNARD E. BROWN

By _____
BERNARD E. BROWN   #31292
4800 Rainbow, Suite 200
Westwood, Kansas 66205
(913) 722-4777
(913) 722-6777 (telecopier)

and

**SLOUGH, CONNEALY, IRWIN & MADDEN**

By _____
DALE K. IRWIN      #24928
4051 Broadway, Suite 3
Kansas City, Missouri 64111
(816)531-2224
(816)531-2147 (telecopier)

**ATTORNEYS FOR DEFENDANTS/COUNTER-
CLAIM PLAINTIFFS**

5

## DEFENDANT'S SWORN SIGNATURE

STATE OF MICHIGAN    )
                     ) ss
COUNTY OF WAYNE      )


    The below named person, being duly sworn on oath, states that he or she has read the foregoing interrogatories and the answers given are true to the best of Affiant's knowledge and belief.


_____


    The foregoing answers to interrogatories were subscribed and sworn to before me this _____ day of _____, 1996.


_____
               Notary Public

My Commission Expires:

6

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

MARVIN FIELDER, et al.,      )
      )
      Plaintiffs,   )
      )
vs.      )
      )
CREDIT ACCEPTANCE CORPORATION,   )
  et al.,      )
      )
      Defendants.   )

**CV96-24285**

Case No.

Civil Docket

CIVIL

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT NORTHEAST AUTO CREDIT, INC.

Plaintiffs propound the following interrogatories to defendant Northeast Auto Credit Inc., to be answered in writing and under oath within the time provided by law:

1.    State the full name, last known address, last known residence telephone number, last known work telephone number and social security number of any and all individuals, who, within the five years next preceding the filing of the Petition herein, were identified as buyer on any retail installment contract with Northeast Auto Credit, Inc., for the purchase of a motor vehicle to be titled in Missouri, which contract listed a charge for "filing fees" and/or "other charges" "to public officials", which charge was in excess of $8.50.

ANSWER:

Case 4:96-cv-01210-ODS   Document 1   Filed 11/25/96   Page 37 of 41

2.    For each individual identified in response to interrogatory 1, please state the total amount paid by the purchaser under the retail installment sale contract, including, but not limited to, any amounts paid by way of down payment, trade-in, regular installment payments, late charges or otherwise.

**ANSWER:**

3.    Please identify any and all agreements between Credit Acceptance Corporation and Northeast Auto Credit, Inc., which set forth the terms by and under which Credit Acceptance Corporation agrees to purchase vehicle installment sale contracts from Northeast Auto Credit, Inc.

**ANSWER:**

2

4.  Please identify any and all documents, computer data, agreements, memoranda, policy and/or procedure manual(s), correspondence or records of communications between Credit Acceptance Corporation and Northeast Auto Credit, Inc., which documents contain any reference to the amount of the fees charged for "filing fees" and/or "other charges" "to public officials" or to the filing of lien perfection copies of the Missouri title applications.
**ANSWER:**

5.  Please state the name, business and residence address and telephone number of the individual answering these interrogatories on Northeast Auto Credit, Inc.'s behalf.
**ANSWER:**

LAW OFFICES OF BERNARD E. BROWN

By _____
BERNARD E. BROWN  #31292

3

4800 Rainbow, Suite 200
Westwood, Kansas 66205
(913) 722-4777
(913) 722-6777 (telecopier)

and

**SLOUGH, CONNEALY, IRWIN & MADDEN**

By _____
DALE K. IRWIN      #24920
4051 Broadway, Suite 3
Kansas City, Missouri 64111
(816)531-2224
(816)531-2147 (telecopier)

**ATTORNEYS FOR DEFENDANTS/COUNTER-
CLAIM PLAINTIFFS**

### DEFENDANT'S SWORN SIGNATURE

STATE OF MISSOURI     )
                      ) ss
COUNTY OF JACKSON     )

    The below named person, being duly sworn on oath, states that he or she has read the foregoing interrogatories and the answers given are true to the best of Affiant's knowledge and belief.

_____

    The foregoing answers to interrogatories were subscribed and sworn to before me this _____ day of _____, 1996.

_____
Notary Public

My Commission Expires:

4

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contain___ in neither replace nor supplement the filing and service of plea___ r other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Con___ of the United States in September 1974, is required for the u___ he Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Marvin Fielder
Deborah Lynne Williams

**FILED**
NOV 25 1996
R. F. CONNOR, CLK.
U. S. DISTRICT COURT
WEST DISTRICT
OF MISSOURI

## DEFENDANTS
(1) Credit Acceptance Corporation
(2) Northeast Auto Credit, Inc.

96-1210-CV-W-3

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Jackson Co.
(EXCEPT IN U.S. PLAINTIFF CASES) MO

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Bernard E. Brown     Dale K. Irwin
Law Offices of Bernard   Slough, Connealy,
E. Brown          Irwin & Madden
4800 Rainbow, Suite 200   4051 Broadway, Ste.
Westwood, KS 66205     Kansas City, MO 64111
913/722-4777        816/531-2224

ATTORNEYS (IF KNOWN)
(1) N. Louise Ellingsworth (2) Bryan E. Martin
Bryan Cave LLP      Mitchell & Martin, L.C.
1200 Main St., 35th Fl.  204 Prudential Building
Kansas City, MO 64105   2307 S. Outer Road
816/374-3200        Blue Springs, MO 64015
               816/228-1180

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY
Putative class action and individual action pertaining to retail installment contracts for the purchase of a motor vehicle to be titled in Missouri-fraud based on 15 U.S.C. Sec. 1640 (Truth-in-Lending), common law fraud and Chapter 407 RSMo.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☒ UNDER F.R.C.P. 23
DEMAND $ ___
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ___     DOCKET NUMBER ___

DATE 11/25/96

SIGNATURE OF ATTORNEY OF RECORD
N. Louise Ellingsworth
N. Louise Ellingsworth (Attorney for Defendant Credit Acceptance Corporation)

UNITED STATES DISTRICT COURT