IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MARVIN FIELDER, et al., )
)
        Plaintiffs, )
)
v. ) Case No. 96-1210-CV-W-3
)
CREDIT ACCEPTANCE )
CORPORATION, et al., )
)
        Defendants. )

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pending is Plaintiffs' Motion for a Preliminary Injunction (Doc. # 66). Upon consideration by the Court, the Motion is denied for the reasons set forth below.

### I. BACKGROUND

Plaintiffs Marvin Fielder and Deborah Williams initially filed this matter in Missouri state court on October 15, 1996. Defendants Credit Acceptance Corporation ("CAC") and Northeast Auto Credit, Inc. ("NAC") removed it to this Court on November 25, 1996, based upon Plaintiffs' claims asserted under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* On October 9, 1997, this Court granted Plaintiffs' Motion for Class Certification. The case is presently pending on Plaintiffs' Third Amended Complaint filed on March 10, 1998.

On January 29, 1998, Plaintiffs filed a Motion for a Preliminary Injunction. Plaintiffs argue that the case is centered around the alleged scheme of CAC to charge thousands of car-buying consumers in the State of Missouri for "post-maturity" interest far in excess of the amounts due, using false affidavits and false petitions to obtain judgments against those consumers of the excessive amounts; to repossess vehicles using pre-sale and post-sale notices that violate statutory requirements; and to charge thousands of car-buying consumers for large amounts of nonexistent official fees. Plaintiffs request this Court enjoin CAC from taking any action in Missouri state court

cases involving members of the plaintiff classes that would alter or affect judgments previously entered without prior notice to the Plaintiffs and notice to and approval by the Court.[1] Plaintiffs also request the Court require CAC to immediately withdraw any motions it may have pending in Missouri state courts and to provide full disclosure to the Court and to Plaintiffs' counsel concerning all actions it has undertaken since the filing of Plaintiffs' case. Defendant CAC contends that they are doing exactly what Plaintiffs demand in their Complaint and the Court lacks subject matter jurisdiction to grant the relief Plaintiffs request.[2]

## II. DISCUSSION

The standard for determining whether a preliminary injunction is warranted is well-established. The standard requires consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability the movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. C. L. Systems, Inc., 640 F.2d 109, 114 (8th. Cir. 1981) (en banc.). The Court denies Plaintiffs' Motion for a Preliminary Injunction and will allow CAC to correct or set aside any judgments that have been entered in Missouri state courts. However, CAC is required to report, both to Plaintiffs' counsel and the Court, all actions taken in any state court cases involving members of the plaintiff classes to alter or affect a judgment. CAC shall report all actions it is currently taking, has taken since the original filing of Plaintiffs' case and will take in any state court cases involving members of the plaintiff classes. The Court will consider attorneys fees as a factor if the Plaintiffs are successful.

---

[1] Plaintiffs do not contest CAC's attempts of filing of partial or full satisfaction of those judgments previously rendered in state court.

[2] The Court will not address the subject matter jurisdiction issues raised by the Defendant CAC in this Order since the injunction fails on the merits and the Court addresses the relevant issues in its ruling on Defendant's Motion for Partial Summary Judgment And Defendant's Motion to Dismiss filed on this same date.

2

Case 4:96-cv-01210-ODS   Document 146   Filed 05/08/98   Page 2 of 4

With regard to the first factor, the Court concludes that the Plaintiffs do not face a threat of irreparable harm. CAC contends they are correcting the very judgments Plaintiffs complain of in their Third Amended Complaint. As long as Plaintiffs and the Court are informed of all actions CAC has taken in any state court cases involving members of the plaintiff classes then Plaintiffs' management of their class action will not be disrupted. Plaintiffs have not shown what irreparable harm they will suffer if the injunction is denied. Plaintiffs already have filed this lawsuit to protect themselves and if any new activity in the Missouri state court cases is questionable to the Plaintiffs, they can report it to the Court in this lawsuit.

The second and third factors involve the same issues. The balance of harm and injury of granting the injunction naturally coincides with the probability that the movant will succeed on the merits. As already stated above, CAC contends they are correcting the same judgments Plaintiffs complain of in their Third Amended Complaint. If this Court granted the injunction, CAC would be subject to even greater damages if Plaintiffs win the lawsuit as the interest on the purported damages increases daily. Thus, the injury likely inflicted on CAC is great while Plaintiffs have not proven any irreparable harm from the denial of the injunction. The probability the movant will succeed on the merits is the only factor that leans toward the Plaintiffs and the granting of the injunction. Plaintiffs contend CAC violated several statutory requirements; one of which was obtaining judgments against consumers for excessive amounts of "post-maturity" interest; the same judgments CAC is now correcting. However, Plaintiffs have several additional claims against the Defendants and the Court need not predict Plaintiffs' likely success or failure since the injunction fails on all other factors.

The last factor concerns the public interest. The public interest does not support a status quo where injured class members are denied partial relief. If CAC is voluntarily correcting judgments for excessive amounts of interest and giving partial relief to plaintiff class members, the public interest would support returning those plaintiff class members to their uninjured status as soon as possible. CAC has admitted some of the judgments have problems with post-maturity interest and this

3

Court finds that the public interest supports the resolution of those problems as soon as possible. The status quo should not be maintained if Plaintiffs are continuing to be harmed and CAC is willing to prevent that further harm.

### III. CONCLUSION

Plaintiffs' Motion for Preliminary Injunction is denied because three factors out of four mitigate in favor of the Defendants. The Court can address Plaintiffs' concerns without granting the injunction. Accordingly, CAC is required to report, both to Plaintiffs' counsel and the Court, all actions taken in any state court cases involving members of the plaintiff classes to alter or affect a judgment. CAC shall report all actions it is currently taking, has taken since the original filing of Plaintiffs' case or will take in any state court cases involving members of the plaintiff classes. The Court will consider attorneys fees as a factor if the Plaintiffs are successful.

IT IS SO ORDERED.

Date: 5/8/98

ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT