IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MARVIN FIELDER, et. al., individually )
and on behalf of a class of similarly )
situated individuals )
)
          Plaintiffs )
)
vs. )   Case No. 96-1210-CV-W-3
)
CREDIT ACCEPTANCE )
CORPORATION )
          Defendant. )

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON IT'S RIGHT TO SET OFF DAMAGES

Pending is Defendant's Motion for Partial Summary Judgment. Upon consideration and for the reasons set forth below, the Court denies the Motion for Partial Summary Judgment submitted by Credit Acceptance Corporation ('CAC').

### I. BACKGROUND

The factual background of this matter has been previously set forth in Fielder v. Credit Acceptance Corp., 175 F.R.D. 313 (W.D. Mo. 1997), Fielder v. Credit Acceptance Corp., 10 F.Supp.2d 1101 (W.D. Mo. 1998), and Fielder v. Credit Acceptance Corp., 19 F.Supp.2d 966 (W.D. Mo. 1998).[1]

Pursuant to the United States Court of Appeals for the Eighth Circuit Opinion dated

---

[1] Fielder v. Credit Acceptance Corp., 175 F.R.D. 313 (W.D. Mo. 1997) and Fielder v. Credit acceptance Corp., 10 F.Supp.2d 1101 (W.D. Mo. 1998) were reversed in part by Fielder v. Credit Acceptance Corp., 1999 WL 673157 (8th Cir. 1999). Fielder v. Credit Acceptance Corp., 19 F.Supp.2d 966 (W.D. Mo. 1998) was vacated in part by Fielder v. Credit Acceptance Corp., 1999 WL 673157 (8th Cir. 1999).

1

August 31, 1999, the only class remaining under this Court's jurisdiction is the official fee overcharge class which asserts Truth in Lending claims. See Fielder v. Credit Acceptance Corporation, 1999 WL 673157 (8th Cir. 1999). Therefore, only facts relevant to the official fee overcharge class shall be discussed.

## II. DISCUSSION
### A. Standard of Review

A moving party is entitled to summary judgment on a claim only if "there is a showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986).

### B. CAC's Set-Off

CAC has filed a motion for Partial Summary Judgment asking this Court to allow it to receive a set-off against any award of damages which the class representatives and the absent class members may obtain at trial. Defendant states that it is improper for a damage claim to be paid when the majority of Plaintiffs still owe money on their auto loans or are in default. In essence, the Defendant wants the Court to summarily reduce any damage awards by applying these monies to the individual class members remaining debt.

Plaintiffs oppose summary judgment because the set-off claim is an attempt to bring a class action against the Plaintiffs, or an attempt to raise a compulsory or permissive

counterclaim which this Court has previously disallowed. Fielder v. Credit Acceptance Corporation, 175 F.R.D. 313, 321 (W.D. Mo. 1997). In addition, the Plaintiffs argue that set-off is not proper in this class action for policy reasons.

A set off is a "counter-claim demand which [a] defendant holds against [a] plaintiff, arising out of a transaction extrinsic to [the] plaintiff's cause of action." Black's Law Dictionary, 1372 (6th ed. 1997). see also Edmonds v. Stratton, 457 S.W.2d 228, 232 (Mo. Ct. App. 1970.)

Whatever the merits of the semantic dispute between the parties as to whether the set-off is a counterclaim or an affirmative defense, the function of the set-off in this case is to impose a financial obligation on the class arising from facts extrinsic to their claims and, hence, to this action. Functionally, then, the set-off acts as a purported legal basis to reduce the amount of liability to the class. Because the Defendant's set-off argument asserts claims against unspecified class members, it runs afoul of this Court's previous holding - and the law of the case - that counterclaims are not applicable in this class action. Fielder, 175 F.R.D. at 321.

Set-offs are disfavored in Truth in Lending actions. The Truth in Lending Act's "civil liability provisions were designed largely to encourage consumers to bring small damage actions and thereby promote creditor compliance with the Act." Dias v. Bank of Hawaii, 732 F.2d 1401, 1403 (9th Cir. 1984); see also Hannon v. Security National Bank, 537 F.2d 337, 328 (9th Cir 1976). Allowing creditors "to offset [Truth in Lending Act] judgments against pending collection claims would discourage debtors from bringing [these types of] claims." Dias, 732 F.2d at 1403. Therefore, allowing creditors to circumvent any awards provided by the Truth in Lending Act by permitting set-offs would discourage many debtors from pursuing such claims. Id. Since the class action under this Court's jurisdiction comprises a Truth in Lending Claim, Defendant's set-off request is denied.

3

In addition, this Court is not in favor of muddying the waters for the class Plaintiffs with set-off claims that possibly do not apply to all members. It is conceivable that some of the class members have paid off all of their loans to CAC and therefore do not owe any money to the defendant. The Defendant has not produced proof that the set-off claim applies to each individual class member.

Therefore, since the Court has already ruled that there shall be no counterclaims in this litigation, the Defendant's Motion for Partial Summary Judgment on CAC's Right to Set-Off Damages is Denied.

IT IS SO ORDERED.

Date: 9/8/99

ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

4